IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PERCY EDWARD PAIR, JR.                    *

Plaintiff                                 *

v                                         *          Civil Action No. GLR-16-1492

LAVINIA G. ALEXANDER,  Clerk,             *
JAMES FORRESTER, Deputy Clerk,
DONTE CODE,  Deputy Clerk,[1] and         *
DOE DEFENDANTS 1-15,[2]
                                          *

Defendants                                
                                          ***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Plaintiff Percy Edward Pair, Jr.'s Motion

to Substitute Party (ECF No. 2), Motion for Preliminary Injunction (ECF No. 39), and

Motion for Summary Judgment (ECF No. 37).   Also pending before the Court is

Defendants, James Forrester and Donte Code's Motion to Dismiss or, in the Alternative,

Motion for Summary Judgment (ECF No. 32).  The Motions are ripe for disposition, and

no hearing is necessary.  <u>See</u> Local Rule 105.6 (D.Md. 2016).  For the reasons outlined

---

[1] Defendants James Forrester and Donte Code are procurement mailroom clerks employed by the Clerk's Office of the Circuit Court for Baltimore City. (Defs.' Mem. at n.1, ECF No. 29-1).  They are not deputy clerks as alleged in the Complaint.  The docket will be amended accordingly.

[2] Service was not obtained on the John Doe defendants.  Generally speaking, the use of John Doe defendants is not favored in the federal courts. <u>See</u> <u>Schiff v. Kennedy</u>, 691 F.2d 196, 197 (4th Cir. 1982) (stating John Doe suits are disfavored and may be dismissed if "it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court").  Further, Pair does not raise specific allegations against the John Doe defendants.  The Court therefore will dismiss the "Doe Defendants 1-15."

below, the Court will grant Defendants' Motion, grant in part and deny in part Pair's

Motion to Substitute Party, and deny Pair's Motion for Preliminary Injunction and

Motion for Summary Judgment.[3]

## I.   BACKGROUND[4]

Pair is incarcerated at North Branch Correctional Institution in Cumberland,

Maryland.   He pleads that Defendants refused to file his Petition for Judicial Review

against the Custodian of Records for the Circuit Court for Baltimore City, Maryland after

he received no response to his request to inspect public records.   (Compl. at 4–5, ECF

No. 1).[5]

On July 13, 2013 and November 18, 2013, he filed requests under the Maryland

Public Information Act (PIA) with the Office of the Clerk of the Circuit Court for

Baltimore City ("Clerk's Office"), but he received no response.   (Id.).   On September 13,

2015, Pair mailed two Petitions for Judicial Review to the Clerk's Office by certified

mail.   One Petition alleged that the Custodian of Records for the Circuit Court of

---

[3] Also pending before the Court is Defendants' Motion for Leave to Withdraw
Counsel, which Pair does not oppose.   (ECF Nos. 38).   For the reasons stated by
Defendants, the Court will grant the Motion.

After Defendants filed their Motion, Pair filed a paper titled as a "Complaint" in
the form of a verified complaint with exhibits, but did not seek leave to amend the
Complaint.   (ECF No. 37).   Mindful of Pair's pro se status, the Court reviewed this
submission.   Pair alleges that on July 27, 2017, the Honorable Yvette M. Bryant denied
his Motion to Correct an Illegal Sentence in Criminal Action No. 19007217-18 and
19007219-20, and his papers appealing that decision were returned to him because he
failed to include a certificate of service.   (ECF No. 36-2).   These allegations are unrelated
to the instant action, and do not alter its outcome.

[4] Unless otherwise noted, the facts outlined here are uncontroverted and the Court
views them in the light most favorable to Pair.

[5] Page citation in this Memorandum Opinion reflects that assigned by the Court's
electronic docket.

Baltimore City violated the PIA.  (Id. at 5; ECF No. 1-1).  The second Petition alleged

that the Custodian of Records for the Maryland Department of Human Resources violated

the PIA.  (Compl. at 5; ECF No. 1-2).

On September 15, 2015, Code, who is a mailroom clerk in the Clerk's Office,

received a certified envelope containing Pair's two Petitions.  (Compl. at 5; ECF No. 1-

3).  On September 16, 2015, both petitions were filed under the same case, Percy Edward

Pair, Jr. v. Department of Human Resources, Circuit Court for Baltimore City, Maryland,

Case No. 24-C-15-004760.  (Bentley Decl. ¶ 4, ECF No. 29-2).  The Department of

Human Resources petition was docketed as "DEF 001."  (Id. at 4).  The Circuit Court for

Baltimore City was docketed as "DEF 002."  (Id. at 5).

On October 1, 2015, Lavinia Alexander, the Clerk of the Court, mailed notices of

the Petitions for Judicial Review to the parties.  (Id. at 6).  On October 30, 2015, the

Maryland Department of Human Resources filed a Motion to Dismiss or, in the

Alternative, for Summary Judgment. (Id.).  On December 2, 2015, the Honorable Jeffrey

Geller, Associate Judge, dismissed the Complaint against the Department of Human

Resources.  (Id.).  The Clerk's Office closed the case against the Circuit Court for

Baltimore City in error based on Judge Geller's order, but reopened the case on

December 15, 2015.  (Id.; Bentley Decl. ¶¶ 7–9).

On January 4, 2017, the Clerk of the Circuit Court mailed the parties a notice of

contemplated dismissal for lack of prosecution.  (Bentley Decl. at 6).  On February 13,

2017, the Complaint against the Circuit Court was dismissed without prejudice for lack of

prosecution.  (Id.).

On May 17, 2016, Pair, proceeding pro se, filed the instant action under 42 U.S.C. §1983 (2018) against employees of the Circuit Court for Baltimore City in their official and individual capacities. (ECF No. 1). Pair asserts that Defendants refused to file his Petition for Judicial Review Against the Custodian of Records for the Circuit Court for Baltimore City after he received no response to his request to inspect public records. Pair pleads that Defendants acted to deliberately deny him access to the court in violation of his rights under the First and Fourteenth Amendments to the Constitution and in violation of Maryland law. Pair seeks declaratory relief to state the acts and omissions alleged violated his constitutional rights, and preliminary and permanent injunction to order Defendants to cease "deviating from their ministerial duties" and to provide him with a "Certificate of Qualification." (Compl. at 8). Finally, Pair requests compensatory damages of $35,000 against each Defendant, jointly and severally and punitive damages of $15,0000 against each Defendant, jointly and severally. (Id. at 8–9).

## II.    DISCUSSION

### A.    Standard of Review

#### 1.    Motion to Dismiss

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that

is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pair filed his Amended Complaint pro se. Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976));

5

accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

### 2. Conversion to a Motion for Summary Judgment

In this case, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 28). A motion styled as a motion to dismiss or, in the alternative, for summary judgment implicates the Court's discretion under Rule 12(d). See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).

The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). The Court's complete discretion is guided by the United States Court of Appeals for the Fourth Circuit's two-part test for proper

conversion of a Rule 12(b)(6) motion to a Rule 56 motion. Under this test, the "parties [must] be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment" and "the parties [must] first 'be afforded a reasonable opportunity for discovery.'" Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013) (quoting Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)).

When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005).

Here, Defendants caption their Motion in the alternative for summary judgment and attach matters beyond Pair's Complaint for the Court's consideration. (ECF No. 29). In response, Pair offers his own matters beyond her Complaint. (See Zinkand Decl., ECF No. 30). Thus, the Court will construe Defendants' Motion as a motion for summary judgment.

### 3. Motion for Summary Judgment

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 141 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in

8

the nonmoving party's favor.  Anderson, 477 U.S. at 248.  If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

**B.** **Analysis**

**1.** **Pair's Motion to Substitute Party**

On May 1, 2017, Pair moved under Rule 25 to substitute Lavinia G. Alexander, Clerk of the Circuit Court of Baltimore City, at the time of her death on November 8, 2016.  (ECF No. 26).  Marilyn F. Bentley, Clerk of the Circuit Court for Baltimore City, opposes the Motion, on the grounds that at the time of her death, Lavinia Alexander and the other Defendants had not been served in accordance with Rule 4(e)(2) or Maryland Rule 2-121.

The procedural history of this case shows that on September 6, 2016, this Court ordered Pair to provide completed U.S. Marshal forms to assist in service of process. (ECF No. 10).  On September 27, 2016, this Court directed the U.S. Marshal to serve Defendants.  Summons were issued but the Defendants were not served.  (ECF No. 12). On January 6, 2017, this Court directed the Clerk of the Court to reissue summonses for Defendants.  (ECF Nos. 16, 17).  On February 3, 2017, the U.S. Postal Service return receipt card for Lavinia Alexander was returned to the Clerk of this Court, signed by Jermaine Pickett.  (ECF No. 19).  On April 3, 2017, the Office of the Attorney General

received a copy of the Complaint and summons as directed by this Court. (ECF No. 21).

Service was not effectuated on Lavinia Alexander at the time of her death. Thus, Pair's

claims against her in her personal capacity are no longer viable.

In addition, Pair may not pursue his claims for damages against Lavinia

Alexander or her successor Marilyn Bentley in their official capacity under § 1983. In

Will v. Michigan Department of State Police, 491 U.S. 58, 64–70 (1989), the Supreme

Court of the United States held that a State is not a "person" subject to suit under 42

U.S.C. §1983, and states cannot be sued for damages under the statute. Section 1983

does not "disregard the well-established immunity of a State from being sued without its

consent." Id. at 67. Thus, "neither a State nor its officials acting in their official

capacities are "persons' amenable to suit under §1983. Id. at 71. Plaintiff's claims

against Lavinia Alexander or her successor Marilyn Bentley, in their official capacity, are

barred by eleventh amendment and state sovereign immunity. See, e.g., Puerto Rico

Aqueduct and Sewer Authority v. Metcalfe and Easy, Inc., 506 U.S. 139, 144–45 (1993);

see also Will, 491 U.S. at 58. Thus, Marilyn Bentley, Clerk of the Circuit Court of

Baltimore City, may not be sued for damages in her official capacity.

The Eleventh Amendment, however, does not prevent private individuals from

bringing suit against State officials for prospective injunctive relief or declaratory relief

for ongoing violations of federal law. See, e.g., Equity In Athletics, Inc. v. Dep't of

Educ., 639 F.3d 91, 107 n.13 (4th Cir. 2011) (listing exceptions). Thus, to the extent Pair

seeks injunctive or declaratory relief, the Motion to Substitute will be granted.

Accordingly, the Court will substitute Lavinia Alexander's successor Marilyn Bentley as

to the claims for injunctive and declaratory relief.

## 2. Defendants' Motion for Summary Judgment

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Here, even if Pair's factual allegations are assumed true, his claims are insufficient to state a constitutional claim for denial of access to the courts or due process.

### i. Denial of Access to the Courts

Prisoners have a constitutionally protected right of access to the courts. See Bounds v. Smith, 430 U. S. 817, 821 (1977). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" O'Dell v. Netherland, 112 F. 3d 773, 776 (4th Cir. 1997) (quoting Lewis v. Casey, 518 U.S. 343, 355 (1996)). "The requirement that an inmate alleging a violation of Bounds must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Lewis, 518 U.S. at 349.

A prisoner's right to access the courts does not include the right to present frivolous claims. Casey, 518 U.S. at 353 n.3. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Id. at 399. Of import here, conclusory allegations are not sufficient.

11

See Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal).

Pair's PIA claim requested "Certificates of Qualification" that the Honorable Elsbeth L. Bothe, the Honorable Yvette Bryant, David W. Young, and Commissioner Cheryl Alston, have taken their oath of office, and personnel records for Jocelyn Patricia Johnson, a witness in his murder trial. (Compl. Ex. 1 at 2, ECF No. 1-1). In fact, Pair does not explain why these records were needed to present a nonfrivolous and arguable claim or how Defendants' alleged action or inaction caused him to miss filing deadlines. Even when the facts are viewed in the light most favorable to a Pair, he does not submit that he missed any filing deadlines or suffered any actual injury as a result of the matters alleged. Thus, there is insufficient evidence to support a denial of access to the courts claim.

### ii. Denial of Due Process

Pair also appears to assert a violation of a "liberty interest" and his right to due process under the Fourteenth Amendment to the United States Constitution. A liberty interest protected by the Due Process Clause of the Fourteenth Amendment may arise from either the Due Process Clause itself or enacted law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983). Governments may confer on prisoners liberty interests that are protected by the Due Process Clause, "[b]ut these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes

12

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 484 (1995).

Pair provides no legal or factual grounds to demonstrate that he has a "liberty interest" in filing a state petition for review of a PIA response or lack thereof. Nor does he provide any other basis upon which to conclude that his right to due process was violated. Pair's conclusory assertion does not support a colorable claim that a liberty interest was implicated and he was denied due process of law. Thus, even when the facts are viewed in the light most favorable to Pair, the evidence is insufficient to support a due process claim.

The Court, therefore, concludes that there is insufficient evidence to support a constitutional violation by Defendants. Defendants are entitled to summary judgment in their favor, and the Court will grant their Motion for Summary Judgment and deny Pair's Motion for Summary Judgment. In the absence of any colorable federal claim, the Court declines to exercise supplemental jurisdiction over Pair's state law claims and will dismiss them without prejudice.

### 3. Motion for Preliminary Injunction

Pair asks for preliminary and permanent injunctive relief to compel Defendants and other court personnel from acting "in the same capacity as Defendants, to stop deviating from their ministerial duties, and to provide Plaintiff with Certificate of Qualifications." (Compl. at 9).

The Court may grant a preliminary injunction if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

13

adverse party can be heard in opposition." Fed.R.Civ.P. 65(b).  The purpose of a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits."  United States v. South Carolina, 720 F.3d 518, 524 (4th Cir. 2013) (quoting In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003)). A plaintiff seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities favors preliminary relief; and (4) an injunction is in the public interest.  Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017).

Here, Pair fails to address the criteria for injunctive relief.  What is more, for the aforementioned reasons, the Court concludes that he is unlikely to succeed on the merits of his constitutional claims.  Accordingly, the Motion for Injunctive Relief (ECF No. 37) will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff Percy Edward Pair, Jr.'s Motion to Substitute Party (ECF No. 2).  The Court will grant Defendants James Forrester and Donte Code's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 32).  Finally, the Court will deny Pair's Motion for Preliminary Injunction (ECF No. 37) and Motion for Summary Judgment (ECF No. 37).  A separate Order follows.

Entered this 30th day of March, 2018.

                                          /s/
                                George L. Russell, III
                                United States District Judge